**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**KAREN K. BROWN,**

                    **Plaintiff,**                    5:11-cv-1336
                                                                           (GLS)

                    v.

**MICHAEL J. ASTRUE,**
Commissioner of Social
Security,

                    **Defendant.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Binder, Binder Law Firm | EDDY PIERRE PIERRE, ESQ. |
| 60 East 42nd Street | |
| Suite 520 | |
| New York, NY 10165 | |
| | |
| **FOR THE DEFENDANT:** | |
| HON. RICHARD S. HARTUNIAN | SERGEI ADEN |
| United States Attorney | Special Assistant U.S. Attorneys |
| 100 South Clinton Street | |
| Syracuse, NY 13261 | |
| | |
| Steven P. Conte | |
| Regional Chief Counsel | |
| Social Security Administration | |
| Office of General Counsel, Region II | |
| 26 Federal Plaza, Room 3904 | |
| New York, NY 10278 | |

**Gary L. Sharpe**
**Chief Judge**

                        **MEMORANDUM-DECISION AND ORDER**

## I. Introduction

Plaintiff Karen K. Brown challenges the Commissioner of Social Security's denial of Disability Insurance Benefits (DIB) and seeks judicial review under 42 U.S.C. § 405(g). (*See* Compl., Dkt. No. 1.) After reviewing the administrative record and carefully considering Brown's arguments, the Commissioner's decision is reversed and remanded for further administrative proceedings.

## II. Background

On September 12, 2006, Brown filed an application for DIB under the Social Security Act ("the Act"), alleging disability since July 1, 2002. (*See* Tr.[1] at 65, 74-76.) After her application was denied, Brown requested a hearing before an Administrative Law Judge (ALJ), which was held on January 15, 2007. (*See id.* at 72, 471-97.) On November 4, 2008, ALJ Neil R. Ross issued a decision denying the requested benefits, (*see id.* at 52-57); however, the Social Security Administration Appeals Council reversed that decision and remanded Brown's case to a new ALJ for further proceedings, (*see id.* at 37-38). Specifically, the Appeals Council

---

[1] Page references preceded by "Tr." are to the Administrative Transcript. (*See* Dkt. No. 8.)

2

instructed the new ALJ to, among other things, reevaluate Brown's mental impairments under the special technique and consult with a medical expert on how those impairments impact her ability to work. (*See id.*) Before rendering a decision, the new ALJ, Thomas P. Tielens, conducted a supplemental hearing, at which he heard testimony from Brown and Dr. Charles Plotz, an impartial medical expert. (*See id.* at 498-538.) On June 16, 2010, ALJ Tielens again denied Brown's claim, which became the Commissioner's final determination upon the Social Security Administration Appeals Council's denial of review. (*See id.* at 5-7, 17-24.)

Brown commenced the present action by filing a Complaint on November 11, 2011 wherein she sought review of the Commissioner's determination. (*See* Compl. ¶¶ 1-18.) The Commissioner filed an answer and a certified copy of the administrative transcript. (*See* Dkt. Nos. 7, 8.) Each party, seeking judgment on the pleadings, filed briefs. (*See* Dkt. Nos. 11, 12.)

### III. Contentions

Brown contends that the Commissioner's decision is tainted by legal error and is not supported by substantial evidence. Specifically, Brown claims ALJ Tielens: (1) failed to properly weigh the opinion evidence and

3

fully develop the record; (2) improperly discredited her; and (3) erred in evaluating her obesity. (*See* Dkt. No. 11, Attach. 2 at 15-30.) The Commissioner counters that substantial evidence[2] supports the ALJ's decision. (*See generally* Dkt. No. 12.)

## IV. Facts

The evidence in this case is undisputed and the court adopts the parties' factual recitations. (*See* Dkt. No. 11, Attach. 2 at 1-15; Dkt. No. 12 at 1-8.)

## V. Standard of Review

The standard for reviewing the Commissioner's final decision under 42 U.S.C. § 405(g) is well established and will not be repeated here. For a full discussion of the standard and the five-step process used by the Commissioner in evaluating whether a claimant is disabled under the Act, the court refers the parties to its previous opinion in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).

---

[2] "Substantial evidence is defined as more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept to support a conclusion." *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) (internal quotation marks and citations omitted).

### VI. Discussion

Among other arguments, Brown avers that the ALJ failed to properly weigh the opinion evidence and fully develop the record despite being instructed to do so by the Appeals Council. (*See* Dkt. No. 11, Attach. 2 at 15-26.) Though he does not directly address all of Brown's arguments, the Commissioner argues that substantial evidence supports ALJ Tielens' decision. (*See* Dkt. No. 12 at 12-20.) The court agrees with Brown.

Here, ALJ Tielens found that none of the medical opinions addressed the relevant period of time—*i.e.*, between July and September 2002. (*See* Tr. at 18, 23.) It is unclear, however, from his brief overview of the medical evidence whether he considered the possibility that at least two of the providers, both of whom had an extensive treatment relationship with Brown, were capable of rendering retrospective opinions on the time period at issue. (*See* Dkt. No. 11, Attach. 2 at 19-23); *see also Rivera v. Sullivan*, 923 F.2d 964, 968 (2d Cir. 1991) (discussing the utility of retrospective opinions). Indeed, a fair reading of Dr. James Donovan's report of May 6, 2008 suggests that Brown had suffered from Major Depression over the last nine years. (*See* Tr. at 464.) Similarly, Dr. Paul Fiacco treated Brown continuously since 1995, (*see* Tr. at 469-70), and may have been able to

5

render an opinion, if asked,[3] on Brown's impairments in late 2002.

In sum, it is unclear whether ALJ Tielens considered all of the potential evidence of record; appropriately weighed that evidence; and most importantly, if substantial evidence supports his decision. *See Schaal v. Apfel*, 134 F.3d 496, 504-05 (2d Cir. 1998). Because "the propriety of agency action must be evaluated on the basis of stated reasons," the ALJ's conclusory findings cannot be sustained, *Treadwell v. Schweiker*, 698 F.2d 137, 142 (2d Cir. 1983), and remand for further administrative proceedings is appropriate, *see, e.g.*, *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999).

## B.     Remaining Findings and Conclusions

---

[3] While the ALJ has an affirmative obligation to develop the administrative record, his duty to do so is not without limit. *See Guile v. Barnhart*, No. 5:07-cv-259, 2010 WL 2516586, at *3 (N.D.N.Y. June 14, 2010). Indeed, if all of the evidence received is consistent and sufficient to determine whether a claimant is disabled, further development of the record is unnecessary, and the ALJ may make his determination based upon that evidence. *See* 20 C.F.R. § 416.920b(a). Consistent with that notion, where there are no "obvious gaps" in the record, the ALJ is not required to seek additional information. *Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1999). Here, however, the only evidence ALJ Tielens had that specifically addressed the period in question was that of the impartial medical expert, Dr. Plotz, (*see* Tr. at 20), who also commented on the lack of evidence from July to September 2002, (*see id.* at 508-09). Given this ambiguity, and the Appeals Council's instructions on remand, (*see id.* at 37-38), further development may have been warranted in this case.

In light of the court's decision to remand for further administrative proceedings, it need not review the remainder of ALJ Tielens' decision to determine if it is supported by substantial evidence.

## VII.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for proceedings consistent with this Order; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

December 21, 2012
Albany, New York

*/s/ Gary L. Sharpe*
Gary L. Sharpe
Chief Judge
U.S. District Court